IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

RICHARD L. McGOWAN, LTD., INC.,

    Plaintiff,

vs.

SOY BASICS, LLC,

    Defendant.

No. C06-2064

**ORDER**

_____

This matter comes before the court pursuant to defendant/counterclaimant's January 26, 2007 Motion to Dismiss for lack of subject matter jurisdiction (docket number 68). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (docket number 61). The motion to dismiss is denied.

## I.  Background

The plaintiff, Richard L. McGowan, Ltd., Inc. ("McGowan"), is an Ohio corporation with its principal place of business in Ohio. The defendant, Soy Basics, L.L.C. ("Soy Basics"), is an Iowa corporation with its principal place of business in Iowa.

On March 17, 2005, McGowan filed a complaint against Soy Basics in the Franklin County, Ohio Court of Common Pleas alleging: (I) breach of a sales contract, seeking $18,948.78 for lost commissions; (II) unjust enrichment, seeking alternatively the same $18,948.78 for lost commissions; (III) bad faith in failing to pay such commissions, seeking treble damages under Ohio Rev. Code § 1335.11 ($56,846.34) and attorney's fees; and (IV) tortious interference with contract, seeking $21,768.57 in compensatory damages, over $25,000 in punitive damages, reasonable attorney's fees, and court costs. On April

25, 2005, Soy Basics removed this action to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to diversity jurisdiction based on 28 U.S.C. § 1332(a). Soy Basics then filed an answer to the complaint and a counterclaim seeking damages for the value of equipment McGowan allegedly failed to return when the parties terminated their relationship.

Upon removing the case to federal court, Soy Basics made a motion to transfer venue to an Iowa district court or, alternatively, to dismiss for improper venue. Soy Basics claimed that venue was improper because the parties had agreed to a contract containing an Iowa forum-selection clause and an Iowa choice-of-law provision. The provision in the contract reads:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Iowa (except those pertaining to "conflicts of laws") and any dispute arising hereunder shall be subject to the exclusive jurisdiction of the state and federal courts of and located within Chickasaw County, Iowa or such other court proximate thereto as Company may select. The parties irrevocably submit to the personal jurisdiction of such courts and waive all objections to any said venue.

McGowan opposed transfer because it claims that the contract was not timely accepted and that an earlier contract governs the issues in dispute. Additionally, McGowan argues that the claim involves a conflict-of-law issue, which it asserts is excepted from the choice-of-law provision by the terms of the clause. On September 26, 2006, the District Court for the Southern District of Ohio transferred this action under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Iowa, Eastern Division, for all further proceedings. The court cited the forum-selection clause and private and public interests as reasons for transferring the case, however, it did not reach the merits concerning the validity of the contract with the forum-selection and choice-of-law provisions.

Upon the transfer, McGowan filed and this court granted a motion to amend its complaint (docket numbers 62, 63 respectively). The amended complaint reasserted the

first three counts, including the treble damage claim under Ohio law, but withdrew the tortious interference with contract claim. It also alleged a violation of the Iowa Wage Collection Act, which McGowan added only as an alternative pleading to its original count (III) claim that Soy Basics violated Ohio R.C. § 1335.11. Upon this change, Soy Basics filed this motion to dismiss for lack of subject matter jurisdiction. It claims that McGowan's amended complaint no longer asserts the requisite amount in controversy to qualify for diversity jurisdiction under 28 U.S.C. § 1332.

## II. Legal Analysis

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.' " Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 562 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Congress has granted federal district courts the power to "adjudicate civil actions between 'citizens of different States' where the amount in controversy exceeds $75,000." Wachovia Bank v. Schmidt, 546 U.S. 303, 126 S. Ct. 941, 944 (2006) (quoting 28 U.S.C. § 1332(a)(1)). McGowan claims that its complaint satisfies these requirements. Soy Basics, however, contends that McGowan's amended complaint does not facially satisfy the amount-in-controversy requirement and, therefore, argues that the court must dismiss this case for lack of subject matter jurisdiction.

### A. Whether This Court Possesses Diversity Jurisdiction Over This Action

Federal jurisdiction must be determined by looking at a case as of the time it was filed in state court. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' "(quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)). Once a case is properly removed to federal court and jurisdiction attaches, subsequent events following removal do not divest it of jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938) ("[E]vents occurring subsequent to removal which reduce[] the amount recoverable, whether beyond

the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." (internal citations omitted)); Core v. Southwestern Bell Telephone Co., 847 F.2d 497, 498 (8th Cir.1988) (holding that the district court did not err when it retained jurisdiction of a case even though the plaintiff amended his petition below jurisdictional amount after removal). Thus, Soy Basics' contention that McGowan's amended complaint divests this court of jurisdiction is incorrect because McGowan's original complaint is controlling.

Nevertheless, in order for this case to go forward, this court must be satisfied that McGowan's original complaint was sufficient to confer federal subject matter jurisdiction. Subject matter jurisdiction is a threshold requirement that may be reviewed *sua sponte* at any time in the disposition of a case. See Grupo Dataflux, 541 U.S. at 570 ("[A]ll challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing-whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." (citing Capron v. Van Noorden, 2 Cranch 126, 2 L. Ed. 229 (1804)); James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833-34 (8th Cir. 2005) (evaluating subject matter jurisdiction *sua sponte* on appeal and considering whether the original complaint properly alleged the requisite amount in controversy). Here, if the original complaint is lacking, then removal was inappropriate and subject matter jurisdiction never attached.[1] Therefore, this court's analysis must center on whether, at the time of removal, the parties were citizens of different states and the amount in controversy exceeded $75,000. See 28 U.S.C. § 1332(a)(1).

Both parties agree that they were citizens of different states at the time of removal. A corporation is " 'deemed to be a citizen of any State by which it has been incorporated'

---

[1] This court recognizes that Soy Basics removed the case to federal court and implicitly conceded that the original complaint satisfied subject matter jurisdiction requirements. However, "the parties may not expand the limited jurisdiction of federal courts by waiver or consent." James Neff Kramper Family Farm, 393 F.3d 833.

and, since 1958, also 'of the State where it has its principal place of business.' " Id. at 944-45 (quoting 28 U.S.C. § 1332(c)(1)). McGowan is and was an Ohio corporation with its principal place of business in Ohio. Soy Basics is and was an Iowa corporation with its principal place of business in Iowa. Thus, the first requirement for diversity jurisdiction is met.

There is some question, however, as to whether McGowan's original complaint sufficiently alleged damages in excess of $75,000. In order to dismiss a case for failure to allege a proper amount in controversy, a court must find that it "appears to legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury, 303 U.S. at 287. "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id. When a plaintiff files a suit in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." Id. at 290. When the defendant challenges the plaintiff's allegations establishing jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. McNutt v. Gen. Motors. Acceptance Corp., 298 U.S. 178, 188-89 (1936). "In a facial challenge to subject matter jurisdiction, all of the allegations concerning jurisdiction are presumed to be true . . . ." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). Finally, there is federal jurisdiction "where the issues relating to the amount in controversy [are] so commingled with the merits that final disposition [is] properly deferrable to the trial itself." Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir.1969).

McGowan originally filed its suit in state court and alleged damages in excess of $75,000. These claims included: $18,948.78 for unpaid sales commissions, $56,846.34 in treble damages under Ohio law for bad faith in failing to pay those commissions, $21,768.57 for tortious interference with contract, over $25,000 in punitive damages, attorney's fees, and court costs. Soy Basics contends, however, that because there is a contract stipulating Iowa as its "choice-of-law" jurisdiction, McGowan could never have

recovered the Ohio claim for treble damages. Thus, it asserts that McGowan's original claim only properly alleged $65,717.35 in damages, exclusive of attorney's fees and court costs.

McGowan, however, contends that the contract with the choice of law provision was never accepted and that even if it was, the clause would not apply to the Ohio claim because of the "conflict of laws" exception in the choice of law clause. McGowan also argues that the choice-of-law clause violated Ohio's anti-waiver law, that the Ohio claim is still viable in Iowa courts, and that the contract containing the clause would not cover all of the time frame and/or geographic area in which the commissions at issue were earned. Accepting McGowan's allegations as true, the validity of the contract containing the choice-of-law provision remains disputed and is intermingled with the merits of this case. Thus, based on the record this court, it cannot conclude to a legal certainty that McGowan cannot recover damages under the Ohio law. Therefore, this court agrees with the District Court for the Southern District of Ohio that this case was properly and timely removed to federal court because McGowan's original complaint alleged diversity of citizenship and over $75,000 in damages. Thus, federal subject matter jurisdiction properly attached at that time and McGowan's subsequent amended complaint does not divest the court of subject matter jurisdiction.

Upon the foregoing,

IT IS ORDERED that the defendant's Motion to Dismiss (docket number 68) is denied.

February 21, 2007.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT