IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

RICHARD L. McGOWAN, LTD.,
INC.,

    Plaintiff,

vs.

SOY BASICS, L.L.C.,

    Defendant.

No. C06-2064

ORDER FOR JUDGMENT

## TABLE OF CONTENTS

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A. Applicable Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    B. McGowan's Claim for Fees. . . . . . . . . . . . . . . . . . . . . . . . . . 6

V. SUMMARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI. ORDER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

On the 10th day of December 2007, this matter came on for hearing on the issue of attorney fees. The Plaintiff was represented by its attorney, Matthew L. Preston. Defendant was represented by its attorney, Michael Richard Young.

## II. PROCEDURAL HISTORY

On September 11, 2007, this matter came on for trial to the Court on the Amended Complaint (docket number 64) filed by Plaintiff Richard L. McGowan, Ltd., Inc. ("McGowan") and the Counterclaim (docket number 71) filed by Defendant Soy Basics, L.L.C. ("Soy Basics"). On November 8, 2007, the Court filed its Order Finding Breach of Contract (docket number 90). The Court concluded that McGowan was entitled to compensatory damages for breach of contract in the amount of $9,843.71, and exemplary damages pursuant to Ohio Revised Code Section 1335.11(D) in the amount of $18,628.98. Therefore, the total amount of damages owed to McGowan by Soy Basics is $28,472.69. Rather than enter judgment for that amount, however, the Court set a hearing to determine the reasonable attorney fees which should be assessed pursuant to Ohio Revised Code Section 1335.11(D).

## III. RELEVANT FACTS

Neither party offered any evidence at the time of hearing. Rather, the parties agreed that the attorney fees could be determined based on the exhibits attached to McGowan's Motion (docket number 86) and Supplement to Motion (docket number 91), and Soy Basics' Resistance (docket number 93) and Supplemental Resistance (docket number 95).

This case was initially filed in the Franklin County, Ohio, Court of Common Pleas. After being removed to the United States District Court for the Southern District of Ohio, it was subsequently transferred to the United States District Court for the Northern District of Iowa. Accordingly, McGowan's claim for attorney fees includes claims for counsel in Ohio and Iowa.

McGowan was represented in Ohio by The Law Offices of Melanie Mills. Ms. Mills initially consulted with McGowan on December 8, 2004, and her services were concluded on November 30, 2006. *See* Affidavit of Melanie Mills (docket number 86-2), Exhibit A, pp 7-43. According to her Affidavit, Ms. Mills charged $225 per hour for her

2

time and $85 per hour for work done by "law clerks."[1] The original invoices submitted to McGowan by Ms. Mills did not include the number of hours expended, but that calculation was done by Iowa counsel and added to Exhibit A. Iowa counsel also provided a redacted copy of the invoices, circling those items which counsel believed were "secretarial or clerical in nature." *See* Affidavit of Melanie Mills (docket number 86-2), Exhibit C, pp 46-82. Summaries of the fees and expenses claimed by The Law Offices of Melanie Mills, in the format prescribed by Local Rule 54.1.a, were also provided. *See* Affidavit of Melanie Mills (docket number 86-2), Exhibits B, D, and E, pp 45 and 84-85. The fees claimed by Ohio counsel may be summarized as follows:

| Attorney Fees | 107.25 Hours | $24,075.01 |
| --- | --- | --- |
| Law Clerk Charges | 56 Hours | 4,760.00 |
| Expenses | | 6,005.24 |
| TOTAL | | $34,840.25 |

After the case was transferred to Iowa, McGowan was represented by the law firm of Brady & O'Shea. At the time of trial, Iowa counsel submitted copies of invoices for work performed prior to that time. *See* Affidavit of Matthew L. Preston (docket number 86-3), Exhibit C, pp 29-52. Following trial, McGowan supplemented its Motion for Award of Attorney Fees, with additional invoices attached. *See* Supplement to Motion for Award of Attorney Fees, Exhibit 3 (docket number 91-2).

According to Mr. Preston's Affidavit, attorney time was charged at the rate of $225 per hour, while paralegal time was charged at the rate of $100 per hour. A summary of the charges and expenses was provided in the form prescribed by Local Rule. *See* Affidavit of Matthew L. Preston (docket number 86-3), Exhibits D and E, pp 53-54, and

---

[1] Ms. Mills states that one of the law clerks "had graduated from undergraduate school," one law clerk was in law school at the time, and two of the law clerks were undergraduate students. *See* Affidavit of Melanie Mills (docket number 86-2), ¶ 6 at 2.

Supplement to Motion for Award of Attorney Fees, Exhibit 3 (docket number 91-2), pp 1-2. The fees charged by Iowa counsel may be summarized as follows:

| | | |
|---|---|---|
| Pretrial Attorney Fees | 128.45 Hours | $28,901.25 |
| Pretrial Paralegal Charges | 72.9 Hours | 7,290.00 |
| Pretrial Expenses | | 2,228.88 |
| Trial Attorney Fees | 31.9 Hours | 7,177.50 |
| Trial Paralegal Charges | 10.5 Hours | 1,050.00 |
| Trial Expenses | | 877.05 |
| TOTAL | | $47,524.68[2] |

Accordingly, the total attorney fees and expenses claimed by McGowan are $82,364.93.

## IV. ANALYSIS

### A. Applicable Standard

Generally, absent statutory authority or a contractual agreement, neither party to an action is entitled to recover attorney fees from the other party. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("The 'American Rule' [provides] that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary."). In this case, McGowan relies on Ohio Revised Code Section 1335.11(D), which provides, in part, that "[t]he prevailing party in an action brought under this Section is entitled to reasonable attorney's fees and court costs." Soy Basics does not contest that McGowan is a "prevailing party" within the meaning of the statute. Rather, Soy Basics argues that the attorney fees sought by McGowan are not "reasonable."

In determining attorney fees, the Eighth Circuit Court of Appeals has applied the "lodestar" approach. *See, e.g., Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) ("The

---

[2] The Court notes that the total fee differs somewhat from the amount claimed by McGowan in its Supplement to Motion for Award of Attorney fees. It would appear that the discrepancy lies between the summary of the supplemental fees and the actual invoices.

4

starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."). This approach, developed by the Third Circuit Court of Appeals, was endorsed by the Supreme Court in *Hensley*. *Id.* at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). In determining the lodestar figure, "[t]he district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434.

In *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986), the Court observed that in *Hensley* it "adopted a hybrid approach that shared elements of both *Johnson* and the lodestar method of calculation."[3] *Id.* at 564. After determining the lodestar amount by multiplying the number of reasonable hours times a reasonable rate, the Court may then adjust the fee upward or downward due to "other considerations," such as those factors identified in *Johnson*. *Id.* The Court in *Delaware Valley* noted that in its earlier decision in *Blum v. Stenson*, 465 U.S. 886 (1984), it emphasized that the lodestar calculation "is more than a mere 'rough guess' or initial approximation of the final award to be made." *Id.* Rather, the lodestar figure is "presumed to be the reasonable fee." *Id.* (citing *Blum*, 465 U.S. at 897). "A strong presumption that the lodestar figure -- the product of reasonable hours times a reasonable rate -- represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute." *Id.* at 565.

The party seeking reimbursement of attorney fees bears the burden of proof. *Hensley*, 461 U.S. at 437 ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). The "benchmark" for the award of attorney fees is that the attorney's fee must be

---

[3] Referring to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

5

"reasonable." *Delaware Valley*, 478 U.S. 546 at 562. *See also McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988) ("Our primary concern in an attorney fees case is whether the fee awarded is 'reasonable.'").

### B. McGowan's Claim for Fees

The contractual relationship between the parties was terminated on October 26, 2004. Both parties realized at that time that additional commissions were owed to McGowan. When payment was not forthcoming by December 8, 2004, however, McGowan sought the assistance of legal counsel. McGowan filed suit on March 17, 2005 in state court, but the action was subsequently removed by Soy Basics to federal court. Later, pursuant to Soy Basics' motion, the action was transferred to federal court in Iowa. Now, approximately three years later, McGowan seeks attorney fees in excess of $80,000.

Each party blames the other for the substantial attorney fees incurred in this case. McGowan claims that "Soy Basics embarked upon a hyper-litigious, scorched earth approach to its defense of this action."[4] On the other hand, Soy Basics claims that McGowan "proceeded on a litigious course of unsupported and unreasonable demands, threats, and obnoxious behavior."[5] For whatever reasons, what should have been a straightforward calculation of the amount of commissions still owed, was transformed into the proverbial "federal case."

On March 17, 2005, McGowan filed his Complaint in the Franklin County Court of Common Pleas, alleging breach of contract, unjust enrichment, violation of Ohio Revised Code Section 1335.11, and tortious interference with contract. Soy Basics removed the action to the United States District Court for the Southern District of Ohio on April 25, 2005. Soy Basics filed a motion requesting a one-week extension of time to move or plead. The Court granted the motion. After the Court had ruled, however,

---

[4] Brief in Support of Motion for Award of Attorney Fees (docket number 94) at 2.

[5] Brief in Support of Supplemental Resistance (docket number 95-2) at 2.

McGowan filed a motion to strike the Court's Order granting an extension and requesting default judgment. According to the supporting memorandum, Soy Basics had previously "refused to agree to a stipulation to extend the response period." *See* docket number 42-10 at 4. In addition, Ms. Mills represented that the attorney fees already incurred totaled $5,668.08. Soy Basics subsequently filed an Answer and Counterclaim, followed by a motion to transfer the case to the Iowa federal district court or, in the alternative, to dismiss the action for improper venue. Following hearing, the Court denied McGowan's Motion for Default and Motion to Strike, and granted Soy Basics' Motion for Transfer of Venue. The case was transferred to the Northern District of Iowa on September 12, 2006. Since being transferred to the Northern District of Iowa, the docket reflects a Motion to Dismiss (docket number 68), Motion for Judgment on the Pleadings (docket number 76), and Motion to Reconsider and to Extend Deadline (docket number 80), all filed by Soy Basics.

Some of the settlement discussions between the parties are set forth in the attachments to the Affidavit of Christine L. Robek and Jeffrey G. Rupert.[6] In a letter dated June 9, 2005, Soy Basics' counsel suggested that the unpaid commissions "total no more than $12,300.89," but after deduction for off-sets for candle samples and display materials, McGowan is owed $6,546.15.[7] The letter does not specifically offer to pay that amount, however, nor does it address the issue of treble damages or attorney fees. A further accounting is attached to a letter from Soy Basics' counsel dated September 15, 2005.[8] In a response dated September 21, 2005, McGowan's counsel attached

---

[6] Defendant's Resistance to Plaintiff's Motion for Award of Attorney Fees, Exhibit A (docket number 93-3).

[7] *Id.* at 6-7.

[8] *Id.* at 29-31.

7

documentation supporting McGowan's claim and confirmed Plaintiff's demand of $40,000.[9]

After reviewing the documentation provided by McGowan, Soy Basics responded on October 20, 2005 and included a detailed spreadsheet of the commissions owed.[10] According to the letter from Soy Basics' counsel,

> The unpaid, undisputed commissions total $13,174.62. Reducing this amount to account for orders taken by Company of Kings that were wrongfully paid to your client, orders that were written off as bad debts, and the cost of unreturned display candles, the final figure is $6,209.66.

See Id. at 35. At the time of trial, the parties stipulated that before taking any deductions, off-sets, or credits, Soy Basics owed McGowan $13,174.62 for unpaid commissions earned prior to the termination of the Agreement between the parties.

In a letter dated November 22, 2005, Soy Basics' counsel confirmed its "offer of $6,209.66 in full and final settlement of this dispute." Id. at 43. In a response dated December 15, 2005, McGowan increased its demand to $43,600, which included attorney fees.[11] McGowan's demand increased to $45,000 by February 8, 2006.[12] On February 9, 2006, Soy Basics responded in a letter which seems to suggest that the unpaid commissions, less off-sets, totaled $6,837.06, but Soy Basics was demanding a further reduction for its counterclaim in the amount of $3,256.65. Id. at 50-52. Apparently, no further settlement discussions were had, although approximately one month prior to the trial, Soy Basics tendered a check in the amount of $13,174.62.

---

[9] Id. at 27 and 32-33.

[10] Id. at 34-42.

[11] Id. at 46.

[12] Id. at 48-49.

Ron Fish, Chief Financial Officer for Soy Basics, admitted at the time of trial that most of the information necessary to determine the amount owed to McGowan was available in November 2004. As set forth above, a spreadsheet containing a detailed accounting of the amount owed, including the off-sets claimed by Soy Basics, was completed in October 2005. That is, Soy Basics knew nearly two years prior to trial that the total commissions owed, before taking any off-sets or credits, was $13,164.62. Even if Soy Basics received all of its claimed off-sets, including $3,884.05 for "display and candle charges," it knew that it owed McGowan not less than $6,209.66. Nonetheless, in attempting to negotiate a settlement, Soy Basics consistently ignored McGowan's likely entitlement to treble damages due to Soy Basics' failure to timely pay the commissions owed, and ignored McGowan's entitlement to attorney fees pursuant to statute.

Turning to the invoices submitted by Plaintiff in support of its claim for attorney fees, the Court finds that the abbreviated work descriptions found on the invoices of Melanie Mills make it difficult for the Court to determine whether the hours expended were "reasonably necessary."[13] By contrast, the invoices submitted by Brady & O'Shea provide a better description of the work performed during the time expended. In addition, a portion of the time expended by Ohio counsel was related to a tortious interference claim initially brought by McGowan, but dismissed when the case was transferred to Iowa. In an Affidavit, Ms. Mills opines that "she spent no more than three percent (3%) of the total time spent on defending [sic] the above-captioned case, for the purposes of the claim of Interference of Contract."[14]

McGowan bears the burden of proof in establishing the amount of attorney fees which are properly ordered. *Hensley*, 461 U.S. at 437. *See also Baker v. John Morrell*

---

[13] It would appear from a review of invoice number 5407, however, that McGowan incurred at least 3.5 hours of attorney time and 4 hours of law clerk time in resisting Soy Basics' request for a one-week extension, which the Court had already granted.

[14] *See* Affidavit (docket number 94-3).

& Co., 263 F. Supp. 2d 1161, 1189 (N.D. Iowa 2003) ("the party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.") (citing *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. To reflect the inadequate documentation provided by Ohio counsel and the time spent on a claim which was subsequently dismissed, the Court concludes that the claim of Ms. Mills should be reduced by thirty percent. In addition, the Court concludes that McGowan cannot recover 3.5 hours of attorney time and 4 hours of law clerk time associated with his frivolous response to Soy Basics' request to extend the time to file an answer.

Soy Basics suggests that the rate of $225 per hour charged by McGowan's attorneys is excessive. The evidence relating to the prevailing rate is limited. In her Affidavit, Ms. Mills avers that the hourly rate is "fair, reasonable, and customary for those charges that are made within the Ohio legal market in which this case was venued."[15] Similarly, in his Affidavit, Mr. Preston states that the charge is "fair, reasonable, and customary for this type of case and circumstances."[16] While Soy Basics does not provide any evidence refuting the allegation that the hourly rate is reasonable, it notes that Defendant's counsel charged at the rate of $200 per hour for Mr. Dutton and $150 per hour for Mr. Young.[17]

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Baker*, 263 F. Supp. 2d at 1189 (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002)). In *Blum v. Stenson*, 465 U.S. 886 (1984), the Court recognized the difficulty in determining a market rate.

---

[15] *See* Motion for Award of Attorney Fees, Exhibit 1 (docket number 86-2) at 1.

[16] *See* Motion for Award of Attorney Fees, Exhibit 2 (docket number 86-3) at 1.

[17] *See* Defendant's Supplemental Resistance, Exhibit D (docket number 95-6) at 1.

> We recognize, of course, that determining an appropriate "market rate" for the services of a lawyer is inherently difficult. Market prices of commodities and most services are determined by supply and demand. In this traditional sense there is no such thing as a prevailing market rate for the service of lawyers in a particular community. The type of services rendered by lawyers, as well as their experience, skill and reputation, varies extensively-even within a law firm. Accordingly, the hourly rates of lawyers in private practice also vary widely.

*Id.* at 895, n.11. In addition to considering an attorney's experience, skill and representation, and the nature of the work performed, the Court should also use its own knowledge, experience and expertise in determining the fee to be awarded. *Baker*, 263 F. Supp. 2d at 1190 (citing *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066-67 (8th Cir. 1989)).

According to their respective Affidavits, Ms. Mills had been licensed as an attorney for approximately eleven years when she started her representation of McGowan in this case. Mr. Preston had been an attorney for approximately ten years at the time the case was transferred to Iowa and his representation commenced. Mr. Dutton has been practicing law since 1960 and Mr. Young was first licensed in 2001.

Based on the limited record made in the instant action, the Court concludes that $225 per hour is a reasonable hourly rate. Both of McGowan's principal counsel had more than ten years of experience when they started representation of Plaintiff. Both aver in their respective Affidavits that the amount charged is reasonable and customary in their respective areas for the type of work performed. In addition, on December 8, 2004, McGowan signed a contract with The Law Offices of Melanie Mills, agreeing to pay $225 per hour for her representation.[18] Similarly, McGowan signed an attorney fee contract

---

[18] *See* Motion for Award of Attorney Fees, Exhibit 1 (docket number 86-2) at 4-6.

with Brady & O'Shea on November 7, 2006, agreeing to pay $225 per hour.[19] While Soy Basics' counsel charged less for their services, they do not aver that $225 per hour is not a reasonable fee.

The Court concludes, however, that the charge of $85 per hour for work performed by students is excessive. However talented and dedicated they may be, the "law clerks" employed by Mills necessarily lack experience and expertise. By contrast, the paralegals employed by Brady & O'Shea have worked in that capacity since 1999 and 1988, respectively.[20] Accordingly, the Court concludes that the work performed by "law clerks" in Ms. Mills' office should be billed at the rate of $50 per hour.

Generally, the substantial attorney fees claimed by McGowan are more than one would expect in a routine action to collect unpaid commissions. In this case, however, McGowan was required to respond to numerous pretrial motions filed by Soy Basics, including the motion to transfer the action to Iowa and subsequent motions to dismiss, for judgment on the pleadings, and motion to reconsider. At no time prior to trial did Soy Basics' settlement offers reflect the likelihood that McGowan would be entitled to recover treble damages, or his entitlement to attorney fees. Under these circumstances, the Court concludes that McGowan's claim for attorney fees, while substantial, is reasonable.

In summary, the Court concludes that 3.5 hours should be subtracted from the 107.25 hours of attorney time claimed by Ohio counsel; with the balance reduced by thirty percent, to 72.625 hours. At a reasonable rate of $225 per hour, the fee for Ohio counsel may be determined at $16,340.63. At the rate of $50 per hour, the law clerk charges in Ohio are properly established in the amount of $2,600. Accordingly, the Court finds that the reasonable attorney fees, charges, and expenses in this case may be summarized as follows:

---

[19] *See* Motion for Award of Attorney Fees, Exhibit 2 (docket number 86-3) at 3.

[20] *See* Affidavit of Matthew L. Preston (docket number 86-3) at 2.

| FEES, CHARGES, EXPENSES | HOURS | AMOUNT |
| --- | --- | --- |
| Ohio Attorney Fees | 72.625 | $16,340.63 |
| Ohio Law Clerk Charges | 54. | 2,600.00 |
| Ohio Expenses | | 6,005.24 |
| Iowa Pretrial Attorney Fees | 128.45 | 28,901.25 |
| Iowa Pretrial Paralegal Charges | 72.9 | 7,290.00 |
| Iowa Pretrial Expenses | | 2,228.88 |
| Iowa Trial Attorney Fees | 31.9 | 7,177.50 |
| Iowa Trial Paralegal Charges | 10.5 | 1,050.00 |
| Iowa Trial Expenses | | 877.05 |
| TOTAL | | $72,470.55 |

Pursuant to the Court's prior Order finding breach of contract (docket number 90) and Ohio Revised Code Section 1335.11(D), the Court concludes that Plaintiff is entitled to recover attorney fees against Defendant in the amount of $72,470.55.

## V. SUMMARY

In its prior Order finding breach of contract (docket number 90), the Court concluded that McGowan was entitled to recover compensatory damages against Soy Basics in the amount of $9,843.71. In addition, the Court found that Soy Basics is liable to McGowan for exemplary damages in the amount of $18,628.98. Therefore, the Court established the total damages in the amount of $28,472.69. The Court now finds that McGowan is entitled to recover attorney fees against Soy Basics in the amount of $72,470.55. Accordingly, judgment shall enter in favor of Plaintiff Richard L. McGowan, Ltd., Inc. and against Defendant Soy Basics, L.L.C. in the amount of One Hundred Thousand Nine Hundred Forty-Three Dollars and twenty-four cents ($100,943.24).

## *VI. ORDER*

IT IS THEREFORE ORDERED that the Clerk of Court shall enter judgment in favor of Plaintiff Richard L. McGowan, Ltd., Inc. and against Defendant Soy Basics, L.L.C. in the amount of One Hundred Thousand Nine Hundred Forty-Three Dollars and twenty-four cents ($100,943.24), plus interest as provided by law.

DATED this 6th day of February, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA